## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOCELYN LISA DOYLE,<br>　　　　　Appellant, | DOCKET NUMBER<br>PH-1221-18-0012-X-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　Agency. | DATE: April 15, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jocelyn Lisa Doyle, Boonsboro, Maryland, pro se.

Timothy O'Boyle, Hampton, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

In a May 31, 2022 compliance initial decision, the administrative judge found the agency in partial noncompliance with the Board's final decision in the underlying appeal to the extent the agency failed to prove that it removed all references to the retaliatory reassignments from the appellant's Official Personnel

_____

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

File (OPF). *Doyle v. Department of Veterans Affairs*, MSPB Docket No. PH-1221-18-0012-C-1, Compliance File (CF), Tab 6, Compliance Initial Decision (CID). For the reasons discussed below, we now find the agency in compliance and DISMISS the appellant's petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

On December 14, 2021, the administrative judge issued a remand initial decision in the appellant's individual right of action appeal finding that the agency retaliated against her for protected whistleblowing when it (1) convened an Administrative Investigation Board (AIB) to investigate the appellant's conduct; (2) temporarily reassigned her during the AIB from her GS-6 Dental Assistant position to the mailroom (Logistics Service) effective February 7, 2017, and to the library (Employee Learning Resources Service) effective April 4, 2017; and (3) permanently reassigned her to the Advanced Medical Support Assistant position effective September 3, 2017. *Doyle v. Department of Veterans Affairs*, MSPB Docket No. PH-1221-18-0012-M-1, Remand File, Tab 18, Remand Initial Decision (RID). Accordingly, he granted in part her request for corrective action and ordered the agency to cancel the reassignments, expunge any documentation regarding the reassignments and AIB from the appellant's OPF and other agency records systems, and pay the appellant any monies or other awards owed as a result of the retaliatory actions. RID at 6. The remand initial decision became the final decision of the Board on January 18, 2022, after neither party filed an administrative petition for review. RID at 8.

On March 19, 2022, the appellant filed a petition for enforcement of the December 14, 2021 remand initial decision, requesting a "clean record" and a change to her performance appraisal. CF, Tab 1. In the May 31, 2022 compliance initial decision, the administrative judge found that the appellant's request to expunge records from her OPF that were unrelated to the retaliatory reassignments and to change to her performance evaluation were outside the

scope of this compliance matter. CID at 6. However, he found the agency in partial noncompliance to the extent it had not shown that all references to the retaliatory reassignments had been removed from the appellant's OPF, including references contained in the "Additional Comments/Information" section of her fiscal year (FY) 2017 performance appraisal. CID at 6-7. Thus, the administrative judge granted the appellant's petition for enforcement in part and ordered the agency to (1) submit evidence showing that it had removed all references to the retaliatory reassignments from the appellant's OPF and/or other personnel files; and (2) submit evidence showing that it had placed an FY 2017 performance appraisal in the appellant's OPF, or other applicable personnel file, that did not include any reference to the reassignments or any attachments that reference the reassignments.[2] CID at 8.

On June 27, 2022, the agency submitted its first statement of compliance to the Board. *Doyle v. Department of Veterans Affairs*, MSPB Docket No. PH-1221-18-0012-X-1, Compliance Referral File (CRF), Tab 1. As evidence of compliance, the agency provided a declaration signed under penalty of perjury from a Supervisory Human Resources Specialist (HR Specialist) attesting that she had reviewed the appellant's electronic OPF (eOPF) and confirmed that it did not contain any Standard Form 50 (SF-50) reflecting the appellant's temporary reassignment to Logistics Service or to any other reassignment made during the AIB. *Id.* at 7-8. She also attested that the appellant's eOPF did not contain the

---

[2] In the compliance initial decision, the administrative judge informed the agency that, if it decided to take the actions required by the decision, it must submit to the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that it had taken the actions identified in the compliance initial decision, along with evidence establishing that it has taken those actions. CID at 8-9; *see* 5 C.F.R. § 1201.183(a)(6)(i). He also informed the parties of their option to request Board review of the compliance initial decision by filing a petition for review by August 28, 2017, the date on which the findings of noncompliance would become final unless a petition for review was filed. *Id.*; *see* 5 C.F.R. §§ 1201.114(e), 1201.183(a)(6)(ii). Neither party filed an administrative petition for review of the compliance initial decision.

FY 2017 performance appraisal because performance appraisals were only maintained for 4 years under the agency's document retention policy. *Id.*

In response, the appellant argued that the agency had not adequately shown that all references to investigations and all performance reviews or letters written by two specified individuals had been removed from her personnel files and questioned whether the Office of Personnel Management (OPM) might have copies of these documents. CRF, Tab 3 at 4-5. The appellant also argued that she was "still concerned" about her performance ratings for 2017 and 2018 and that she wanted them to be restored to "excellent." *Id.* at 4.

In a supplemental compliance submission, the agency provided a second declaration under penalty of perjury from the HR Specialist in which she attested that she had removed from the appellant's eOPF the SF-50 dated September 3, 2017, documenting her reassignment to the Advanced Medical Support Assistant position. CRF, Tab 4. The HR Specialist attached to the declaration screenshots showing the contents of the eOPF before and after removal of the reassignment SF-50. *Id.* at 8. The HR Specialist also attested and provided evidence showing that she corrected the appellant's FY 2017 performance appraisal so that it did not contain any reference to the Advanced Medical Support Assistant reassignment or any other reassignment that occurred during that rating period. *Id.* at 7, 10-14. Finally, she stated that she did not upload the corrected FY 2017 performance appraisal to the appellant's eOPF because, pursuant to the agency's document retention policy, such documents are only maintained for 4 years. *Id.* at 7.

In response to the agency's supplemental compliance submission, the appellant argued, in relevant part, that the agency had not adequately shown that it had removed all references to the retaliatory reassignments from her personnel file and from any records maintained by OPM. CRF, Tab 5 at 4-9. She also argued that the agency needed to delete the September 3, 2018 SF-50 documenting her removal from her OPF, provide her copies of all the SF-50s in

her OPF from 2015 through 2018, and correct her performance rating. *Id.* at 7-10.

The agency replied to the appellant's response, arguing that her challenges to her removal and performance rating were outside the scope of this compliance matter. CRF, Tab 6. In addition, the agency submitted a second supplemental compliance submission reflecting that it had removed two more references to the Advanced Medical Support Assistant position from the appellant's eOPF. CRF, Tab 7. Specifically, the agency provided a third sworn declaration from the HR Specialist stating that she removed from the appellant's eOPF a January 5, 2018 SF-50 documenting a general pay adjustment while she held the Advanced Medical Support Assistant position and replaced it with an SF-50 showing that the pay adjustment occurred while the appellant occupied the Dental Assistant position. *Id.* at 6-7. She also stated that she removed from the appellant's eOPF the September 20, 2018 SF-50 documenting her removal while in the position of Advanced Medical Support Assistant and replaced it with one showing that she occupied the Dental Assistant position at the time of her removal. *Id.* at 7. The agency provided copies of the original and replacement SF-50s. *Id.* at 8-11. The HR Specialist confirmed that there were no further references to the Advanced Medical Support Assistant reassignment in the appellant's eOPF. *Id.* at 7. Lastly, regarding the appellant's allegations that OPM may have copies of documents referencing her reassignments, the agency submitted a fourth sworn declaration from the HR Specialist attesting that the agency has maintained custody of the appellant's OPF since her 2018 removal due to the pending employment-related appeals. CRF, Tab 8 at 4-5.

The appellant has not responded to the agency's three most recent submissions.

**ANALYSIS**

When the Board finds a personnel action unwarranted, the aim is to place the appellant, as nearly as possible, in the situation she would have been in had the wrongful personnel action not occurred. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011); *King v. Department of the Navy*, 100 M.S.P.R. 116, ¶ 12 (2005), *aff'd per curiam*, 167 F. App'x 191 (Fed. Cir. 2006). The agency bears the burden to prove compliance with the Board's order by a preponderance of the evidence.[3] *Vaughan*, 116 M.S.P.R. 319, ¶ 5; 5 C.F.R. § 1201.183(d). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan*, 116 M.S.P.R. 319, ¶ 5. The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance. *Id.*

As described above, in the compliance initial decision, the administrative judge found that the agency was not in compliance with the Board's final order to the extent it failed to show that it removed all references to the three retaliatory reassignments from the appellant's OPF and other personnel files, including her 2017 performance appraisal. CID at 8. The agency has now submitted evidence showing that it has removed the SF-50 documenting the appellant's reassignment to the Advanced Medical Support Assistant position and has replaced all SF-50s postdating that reassignment to reflect she held the Dental Assistant position at the time of the agency action. CRF, Tabs 4, 7. In addition, the agency has provided evidence showing that it corrected the appellant's FY 2017 performance appraisal to remove all references to the Advanced Medical Support Assistant position, although it has not placed it in the appellant's OPF pursuant to the agency's 4-year document retention policy. CRF, Tab 4. Finally, the HR Specialist attested in statements under penalty of perjury that there are no

---

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

references to the temporary reassignments made during the AIB in the appellant's personnel files. CRF, Tab 1. The appellant has not rebutted this evidence with any specific, nonconclusory, and supported allegations of continued noncompliance. CRF, Tabs 3, 5. Accordingly, we find that the agency has established that it is in compliance with its outstanding obligation to remove all references to the three reassignments found to be retaliatory from the appellant's OPF and other personnel files.

As noted above, the appellant has expressed concern that OPM may be in possession of documents referencing, as relevant to this compliance matter, the three reassignments and has argued that the agency must prove otherwise. CRF, Tabs 3, 5. Under the circumstances here, we assume without deciding that the agency's obligation to remove references to the reassignments from the appellant's OPF and/or other personnel records includes the obligation to remove those documents from records maintained by OPM. *See King v. Department of the Navy*, 130 F.3d 1031 (Fed. Cir. 1997) (interpreting a settlement agreement containing the phrase "remove all reference to the removal action from her Official Personnel File" as requiring the Navy to purge documents referencing the removal from any official Government personnel files that might be available to a future employer, including those held in personnel files by OPM and the Defense Finance and Accounting Service). However, the appellant has not made any specific, nonconclusory, or supported allegations that OPM actually has any documents referencing the reassignments, nor even explained the basis of her belief that OPM may have them.[4] CRF, Tabs 3, 5. Accordingly, the appellant's

_____

[4] We acknowledge that, by regulation, the employing agency maintains custody of an employee's OPF or eOPF during her tenure and until it is "transferred to and accepted by the [National Personnel Records Center (NPRC)]," at which time OPM becomes the custodian of the OPF or eOPF. 5 C.F.R. § 293.303(c)-(d)(1). Although the appellant separated from the agency in 2018, the HR Specialist attested that the agency has maintained custody of the appellant's OPF since her removal due to the appellant's employment-related appeals. CRF, Tab 8. In addition, the agency's recent amendments to the documents in the appellant's eOPF demonstrate that the agency, not OPM, has custody of the appellant's eOPF. Once the appellant's eOPF is transferred to NPRC,

conjecture that OPM may be in possession of such documents is insufficient to rebut the agency's evidence of compliance. *Vaughan*, 116 M.S.P.R. 319, ¶ 5. In addition, as the appellant did not respond to the agency's three most recent compliance submissions, we assume that she is satisfied. *See Baumgartner v. Department of Housing and Urban Development*, 111 M.S.P.R. 86, ¶ 9 (2009). Should the appellant discover in the future that OPM indeed has documents referencing her reassignments, she may file another petition for enforcement at that time.

We have considered the appellant's other challenges to the agency's compliance, including that she is entitled to an "excellent" performance rating, but find that they are outside the scope of this compliance appeal.

In light of the foregoing, we find the agency in compliance with its outstanding compliance obligation and dismiss the appellant's petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

she may request a copy of it. *See* National Archives and Records Administration, Official Personnel Folders, Federal (non-archival) Holdings and Access, https://www.archives.gov/personnel-records-center/civilian-non-archival (last accessed Apr. 15, 2024).

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

FOR THE BOARD:                _____
                                       Gina K. Grippando
                                       Clerk of the Board

Washington, D.C.